## August Behrns, Administrator, Appellee, v. Adolph W. Roth, Appellant.

### Gen. No. 22,711.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of fact. Opinion filed March 12, 1917.

### Statement of the Case.

Action by August Behrns, administrator of the estate of Edward Behrns, deceased, plaintiff, against Adolph W. Roth, defendant, to recover damages for the death of the intestate while swimming in the defendant's natatorium. From a judgment for plaintiff for five hundred dollars, defendant appeals.

ZIMMERMAN & GARRETT, for appellant.

THERON DURHAM, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 185*—*when evidence sufficient to show that death of swimmer in natatorium is not due to drowning.* In an action to recover damages for death alleged to have been from drowning while the deceased was swimming in a natatorium, evidence *held* sufficient to show that death was not due to drowning but to organic disease, notwithstanding the verdict of the coroner's jury recited that the death was caused by drowning, the uncontradicted medical evidence being to the effect that a post-mortem examination showed no water was found in the lungs, chest or bronchial tubes or stomach and that there was a large thymus gland and greatly enlarged spleen, mesentery glands, and intestinal and lym-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

phatic structures, and that death while swimming is common to persons in such physical condition, and that the death in this case was due to the organic disease found.

2. NEGLIGENCE, § 28*—*when owner is not guilty of negligence in maintenance and operation of natatorium.* In an action to recover damages for death while deceased was swimming in defendant's natatorium, evidence *held* to show there was no negligence on the part of the defendant in the equipment or operation of his natatorium, notwithstanding there was much noise and shouting going on just before and at the time deceased met his death from thirty-five boys swimming in the place; signs as to the depths of the water and warning signs as to safety being placed in the tank, and two life guards being stationed there, and efforts being promptly made by them to recover the deceased from the water and to resuscitate him with the aid of a pulmotor.

3. DEATH, § 67*—*when verdict for damages for is inadequate.* A verdict of five hundred dollars, in an action to recover damages for death, *held* to be so wholly inadequate as compensation as to indicate that the jury were not guided by any principle of law or justice applicable to the facts, but by sympathy.